Octavio Cardona-Loya II (SBN 255309)
Cory M. Teed (SBN 299780)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
vito@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTONIO GARCIA, JR., an individual, | Case No.: |
| Plaintiffs, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| PROBER & RAPHAEL, a law corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq.* ("Rosenthal Act") which both prohibit debt collectors from engaging in abusive, deceptive, and unfair practices; for conversion; and for abuse of process.

////

////

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff ANTONIO GARCIA, JR. is a natural person residing in the state of California, County of Los Angeles.

4. Defendant PROBER & RAPHAEL, A LAW CORPORATION ("Defendant") at all times relevant was a company in the business of collecting debts in Los Angeles County, California operating from an address at 20750 Ventura Blvd., #100, Woodland Hills, CA 91364.

5. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6) and by the Rosenthal Act, California Civil Code 1788.2(c).

6. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

8. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

9. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

10. The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

## IV. FACTUAL ALLEGATIONS

11. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. §1692(e).

12. At a time unknown, Defendant Prober & Raphael acquired information regarding an alleged debt (the "DEBT").

13. In December 2015, Plaintiff received court documents from Defendant Prober & Raphael regarding an alleged lawsuit that did not pertain to Plaintiff, but to another individual with Plaintiff's name.

14. In January 2016, Plaintiff received additional court documents from Samyel Geshgian, an attorney for Defendant Prober & Raphael, regarding the same case.

15. In January 2016, Plaintiff contacted Mr. Geshgian to inquire about the court documents.

16. Mr. Geshgian informed Plaintiff that the court documents he had been receiving were in regards to a lawsuit. Plaintiff insisted that the lawsuit did not pertain to him and provided Mr. Geshgian with his name, date of birth, and social security number. It was confirmed that Plaintiff's information did not match and the court documents had been served on the wrong "Antonio Garcia."

////

17. Despite Plaintiff's confirmation with Mr. Geshgian, Plaintiff received a memorandum of costs after judgment from Defendant Prober & Raphael regarding the previously-mentioned lawsuit.

18. In March 2016, Plaintiff contacted Mr. Prober of Defendant Prober & Raphael to reiterate that they were providing the court documents to the incorrect "Antonio Garcia." Plaintiff again provided his name, date of birth, and social security number to Defendant. It was again confirmed that Plaintiff's information did not match and the court documents had been served on the wrong "Antonio Garcia."

19. In April 2016, Plaintiff received a notice of involuntary lien from the Los Angeles County clerk. Plaintiff immediately contacted Defendant after receiving the document.

20. Plaintiff again reiterated that Defendant is sending court documents to the wrong person and property. Plaintiff emailed Defendant a copy of his driver's license to further confirm that Defendant was contacting the wrong "Antonio Garcia."

21. Defendant acknowledged receipt of the driver's license and informed Plaintiff they would remove his contact information from the file.

22. In May 2016, Plaintiff received an abstract of judgment from Defendant. The abstract of judgment lists a social security number that does not match Plaintiff's.

23. After receiving the abstract of judgment, Plaintiff again contacted Defendant to inform Defendant that they are sending documentation to the wrong person. Defendant again acknowledged they have the wrong information and will communicate the mistake to their client.

24. In June 2016, Plaintiff noticed a hold has been placed on his Chase Bank accounts. Plaintiff contacted Chase Bank regarding the hold. Chase Bank informed Plaintiff that a levy totaling $3,511.15 was placed as a result of Defendant's judgment against the other Antonio Garcia.

25. Plaintiff again contacted Defendant to discuss the court order. Defendant stated its "their common practice to send out levy requests to all major financial institutions in

hopes of reaching the correct account."

26. $3,511.15 were removed from Plaintiff's account and sent to the Sheriff's office on July 6, 2016; the funds have not been returned to Plaintiff.

27. As a result of the acts alleged above, Plaintiffs suffered from worry, frustration, and emotional distress. The levied funds have not been returned to Plaintiff. The lien further improperly remains as a cloud on title to Plaintiff's property.

## V. FIRST CLAIM FOR RELIEF

### (Against all Defendants for Violation of the FDCPA)

28. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

29. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(a) The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiffs in connection with the collection of the alleged debt;

(b) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

(c) The Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt;

(d) The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

(e) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt; and

(f) The Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or

permitted by law.

30. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI. SECOND CLAIM FOR RELIEF

(**Against all Defendants for Violation of the Rosenthal Act**)

31. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

32. Defendants violated the Rosenthal Act, by including but not limited to, the following:

    (a) The Defendants violated California Civil Code §1788.15(a) by collecting or attempting to collect a consumer debt by means of judicial proceedings when the debt collector knows that service of process, where essential to jurisdiction over the debtor or his property, has not been legally effected; and

    (a) The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above.

33. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

34. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

35. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

////
////
////

## VII. THIRD CLAIM FOR RELIEF

### (Against all Defendants for Conversion)

36. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

37. Plaintiff maintained a Chase Bank Account.

38. Plaintiff owned the funds that were in the Chase Bank Account.

39. Defendant intentionally and substantially interfered with Plaintiff's Chase Bank Account when they did not have a right to interfere with it.

40. Defendant intentionally levied money from Plaintiff's Chase Bank Account when they did not have a right to levy the Account.

41. Defendants actions in seizing the funds from Plaintiff's Chase Bank Account constituted a breach in that they did not have a right to levy the Account.

42. Plaintiff did not consent to Defendant's taking and withholding of his Account.

43. Plaintiff did not consent to Defendant's levy and withholding of his funds.

44. Plaintiff was harmed as a result.

45. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

## VIII. FOURTH CLAIM FOR RELIEF

### (Against all Defendants for Abuse of Process)

46. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

47. Defendant served Plaintiff with an abstract of judgment and levied Plaintiff's Chase Bank Account, and further placed a lien on Plaintiff's real property, when it knew or should of known that Plaintiff was the incorrect "Antonio Garcia" for a pending lawsuit with Defendant.

48. Defendant intentionally used these legal procedures to have a levy placed on Plaintiff's Chase Bank Account.

49. Plaintiff was harmed as a result.

50. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, and each of them, for the following:

    (a) Actual damages;

    (b) Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b);

    (c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(c);

    (d) Punitive damages; and

    (e) For such other and further relief as the Court may deem just and proper.

Date: July 28, 2016          /s/Octavio Cardona-Loya, II   .
                                      Octavio Cardona-Loya, II
                                      Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: July 28, 2016          /s/Octavio Cardona-Loya, II   .
                                      Octavio Cardona-Loya, II
                                      Attorney for Plaintiff